IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CINCINNATI INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0271-WS-M |
| ) | |
| **AMERISURE INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on the Motion to Set Aside Default (doc. 19) filed by defendant, Amerisure Insurance Company. The Motion has been briefed and is ripe for disposition.[1]

On July 12, 2011, the Court entered an Order (doc. 14) granting plaintiff Cincinnati Insurance Company's Application for Entry of Default against Amerisure. Cincinnati had properly served process on Amerisure on June 7, 2011, yet Amerisure had not answered, appeared or otherwise defended in this action.[2] A Clerk's Entry of Default (doc. 15) followed on

---

[1] In briefing this Motion, Amerisure filed a 24-page reply (doc. 23). Not only is the reply more voluminous than both sides' principal briefs combined, but it is also well in excess of the 15-page cap imposed on reply briefs pursuant to Local Rule 7.1(b). Defendant has not requested leave to exceed the page limitation, nor can the Court discern any reasonable basis for surpassing that limit in this case. Those page limitations exist for good reason, namely to compel litigants to distill the essence of their claims and defenses, to winnow out and discard their weaker arguments in favor of their stronger ones, to present their respective positions in a concise manner, and to avoid squandering judicial and litigant resources on wading through unnecessarily verbose submissions. The Local Rule is intended to promote the interests of both litigants and the Court in efficient administration of justice. Accordingly, defendant's Reply (doc. 23) is **stricken** insofar as it exceeds the maximum page limits authorized by Local Rule 7.1(b), with neither leave of court nor good cause.

[2] Cincinnati had submitted its Application for Entry of Default just one day after the Rule 12 deadline for Amerisure to file an answer. Moreover, while Cincinnati's counsel had ongoing dealings with Amerisure's counsel on this matter prior to the filing of the Complaint, Cincinnati's counsel did not pick up the phone and notify their counterparts of the impending (Continued)

that very same day. One day later, on July 13, 2011, Amerisure filed its Answer (doc. 16) and Amended Answer (doc. 17), apparently unaware that default had already been entered against it. When the Court entered an Order (doc. 18) on July 13 explaining that Amerisure's tardy responsive pleadings were ineffectual given that defendant is laboring under a default, Amerisure responded on July 14 by filing its Motion to Set Aside Default.

In this Circuit, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (similar). In that regard, the Eleventh Circuit has recognized that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Ehlers*, 8 F.3d at 783 (citation omitted). Indeed, "[d]efaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995).

Under the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." Rule 55(c), Fed.R.Civ.P. In evaluating the presence or absence of good cause, courts undertake a flexible inquiry based on the particular circumstances presented, considering such factors as whether the default was willful, whether the plaintiff would be prejudiced if the default were set aside, and whether the defendant has a meritorious defense. *See, e.g., Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* at 951-52.

---

default application. *See, e.g., Stone v. City of Mobile*, 2007 WL 505057, *3 (S.D. Ala. Feb. 13, 2007) ("[P]erhaps a more prudent, and certainly more efficient, response by plaintiff's counsel would have been to contact his counterpart counsel to advise of his intention to seek entry of default unless an answer were filed immediately. Yet plaintiff's counsel did not do so. The Court strongly suspects that a simple phone call would have obviated the need for the Application for Entry of Default, or the subsequent expenditure of litigant and judicial resources in the ensuing litigation to set aside the default.").

Notwithstanding Cincinnati's arguments to the contrary, Amerisure has plainly made an adequate showing of good cause for its default. Amerisure explains that the default occurred because of a calendaring error by its attorney, and miscommunication between client and attorney. (*See* Kile Turner Aff. (doc. 19, Exh. 3), ¶¶ 7, 10.) Defendant correctly acknowledges that such an omission "is certainly no shining example of professional efficiency." (Doc. 19, at 6.)[3] However, it is also a far cry from the kind of willfulness or reckless disregard of federal judicial proceedings that Cincinnati portrays it as being. By all appearances, defendant's failure to file an answer in a timely manner was the product of a series of mistakes and missteps that, while unfortunate and preventable, cannot reasonably be classified as evincing willful disregard for this Court or these proceedings. If Amerisure or its counsel were thumbing their noses at these proceedings, they would not have (i) prepared draft pleadings <u>before</u> the 21-day period for answering expired, (ii) filed an answer two weeks after the fact without knowledge of the Clerk's Entry of Default, or (iii) moved to set aside the default just two days after it was entered. Such conduct is flatly inconsistent with the characterization of willful disrespect for these proceedings that Cincinnati ascribes to Amerisure.

Furthermore, the parties' back-and-forth briefing on the specific coverage defenses identified by Amerisure for the underlying dispute clearly reflect that defendant has met the low threshold of coming forward with a meritorious defense that might affect the outcome at trial. *See, e.g., Mohamad v. Rajoub*, 634 F.3d 604, 606 (D.C. Cir. 2011) (for purposes of setting aside

---

[3] In the same vein, it bears noting that this Court had endeavored via a Show Cause Order (doc. 13) entered on July 5, 2011 to give Amerisure an opportunity to correct its failure to answer timely. Even though the Clerk of Court mailed a copy of that Order to defendant through the same agent for service of process on which service had originally been effected, Amerisure insists that it never saw or received the Show Cause Order prior to the entry of default a week later. Even there, however, Amerisure's hands are not entirely clean. By its own reckoning, defendant created (or allowed to exist) a situation in which there is confusion as to which of two entities is its proper agent for service of process in Alabama. To avoid similar failings in service and receipt of critical pleadings and court orders in the future, the Court strongly encourages Amerisure to take whatever steps are necessary to ensure that it has properly designated its desired registered agent with the Alabama Secretary of State, and that the state agency's online records accurately reflect that designation. As things stand, Amerisure's filings exhibit needless uncertainty and ambiguity as to who its registered agent in this state actually is, which appears to have directly resulted in it not receiving the Show Cause Order that would have enabled Amerisure to avoid entry of default altogether.

a default, "allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense") (citations omitted); *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (opining that "likelihood of success is irrelevant" for purposes of this inquiry and that what matters is "whether a well-stated defense, if sustained, would change the outcome").  Finally, in its brief opposing Rule 55(c) relief for Amerisure, Cincinnati does not even attempt to articulate any prejudice that it might sustain if the default were set aside but instead weakly states that "Plaintiff should not have to endure any type of delay" (doc. 22, at 8) in this matter.[4]

For all of the foregoing reasons, the Court in its discretion finds that defendant has made an adequate showing of good cause under Rule 55(c) to warrant setting aside the default. Accordingly, defendant's Motion to Set Aside Default (doc. 19) is **granted**, and the Clerk's Entry of Default (doc. 15) is **set aside** pursuant to Rule 55(c), Fed.R.Civ.P.  Defendant having already filed an Answer, a Preliminary Scheduling Order will be entered to get this case on track and progressing towards preparation of a Rule 26(f) report and entry of a Rule 16(b) scheduling order without further delay.

DONE and ORDERED this 8th day of August, 2011.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] As noted previously, a simple phone call from plaintiff's counsel to defendant's counsel back in late June in all likelihood would have resulted in an answer being filed immediately thereafter, a Preliminary Scheduling Order being entered by the court in early July, and this action being well on its way today, instead of remaining bogged down in Rule 55 proceedings some six weeks later.